**Travell BROWN, Petitioner—Appellant,**

v.

**Robert A. HOREL, Warden, Respondent—Appellee.**

No. 08–16770.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2009.

Filed July 30, 2009.

758

Michael Romano, San Francisco, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM *

Travell Brown appeals the district court's denial of his petition for habeas relief filed pursuant to 28 U.S.C. § 2254, claiming that his conviction by jury for resisting executive officers in violation of California Penal Code § 69 was obtained in violation of his federal constitutional rights. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

■ Brown argues that combining in a single trial his § 69 charge and his charge for battery by an inmate on a non-inmate in violation of California Penal Code § 4501.5 violated his due process rights. We disagree. Unlike the prosecutor in *Bean v. Calderon*, 163 F.3d 1073 (9th Cir. 1998), the prosecutor here did not "virtually concede[ ]" that evidence pertaining to each charge was not cross-admissible, *id.*

at 1086, and he specifically argued that Brown's acts of insubordination were characterized by a common modus operandi. Furthermore, "prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct," as it was here. *Id.* at 1085. Finally, even if the evidence on each charge was not cross-admissible, and even if there may have been spillover of evidence from one charge to the other, Brown cannot show that this had a "substantial and injurious effect" on the jury's verdict as required by AEDPA. *Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 2328, 168 L.Ed.2d 16 (2007). There was sufficient evidence of Brown's guilt on the § 69 charge that the jury likely would have convicted him of that crime even if the two charges had been tried separately.

■ Brown next argues that the trial court violated his due process rights by ordering him to appear at trial in shackles. Again, we disagree. Shackling a defendant is permitted when "justified by an essential state interest—such as the interest in courtroom security—specific to the defendant on trial." *Deck v. Missouri*, 544 U.S. 622, 624, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005) (internal quotation marks omitted). The trial court heard ample evidence of Brown's history of insubordination and rule breaking while in prison, including at Pelican Bay. After ordering the shackling, the trial court took multiple precautionary measures to minimize prejudice. The state appellate court also found—correctly, we must presume, in the absence of clear and convincing evidence otherwise—that Brown was offered an opportunity to show any change of circumstances between the shackling hearing and trial. *See* 28 U.S.C. § 2254(e)(1). Brown did not avail himself of this opportunity. Furthermore,

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there was enough evidence of Brown's guilt on the § 69 charge that the jury likely would have convicted him of that crime even if he had not appeared in shackles. Consequently, the shackling did not have a substantial and injurious effect on the jury's verdict.

Brown's third argument is that the trial court erred by failing to give a unanimity instruction that would have required the jurors to agree upon which specific act or acts constituted the elements of the crime for which he was charged and convicted— resisting officers while exiting the shower in violation of § 69. Even if the jurors were uncertain about which specific act of resistance Brown was charged with, this argument fails for the same reason that Brown's other arguments fail. There was enough evidence of his guilt on the § 69 charge that the jury likely would have convicted him even if the court had given a unanimity instruction. Consequently, the failure to issue the instruction did not have a substantial and injurious effect on the verdict.

Brown's fourth argument is that the trial court improperly expanded the state's theory of culpability by making it possible to convict him for either resisting officers *or* for threatening officers when he was only charged with resisting officers. Any error by the trial court in this respect was harmless. The witnesses' testimony and the prosecutor's arguments clearly focused on Brown's resistance, not on threats. The probability that the jury, but for the court's erroneous instruction, would have acquitted Brown is too low to conclude that the instruction had a substantial and injurious effect on the verdict.

Finally, there was no cumulative error.

AFFIRMED.